IN THE UNITED STATES COURT OF FEDERAL CLAIMS

NOT FOR PUBLICATION

| | |
|---|---|
| LORI M. ESQUIVEL, ) | |
| ) | |
| Plaintiff, ) | No. 25-1900 |
| ) | |
| v. ) | Filed: April 6, 2026 |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Lori M. Esquivel, proceeding pro se, filed this breach of contract action against the United States. According to Plaintiff, by failing to process Plaintiff's GSA-Form Bonds and discharge her commercial paper liability, the Government breached Plaintiff's alleged contract with the U.S. Department of the Treasury ("U.S. Treasury"). The Government moved to dismiss Plaintiff's Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), arguing that Plaintiff failed to put forth a well-pleaded allegation that she entered into a contract with the United States. In response, Plaintiff moved to strike the Government's Motion as frivolous. Plaintiff has also filed a Motion for Summary Judgment reiterating the arguments made in her Complaint. For the reasons stated below, the Court **GRANTS** the Government's Motion to Dismiss, **DENIES** Plaintiff's Motion to Strike, and **DENIES AS MOOT** Plaintiff's Motion for Summary Judgment.

## I.    BACKGROUND

On November 5, 2025, Plaintiff filed her Complaint seeking relief for an alleged breach of contract. Pl.'s Compl., ECF No. 1. In addition to the United States, the Complaint names as

defendants: two judges and the Clerk of Court of the U.S. District Court for the Western District of Texas, a Department of Justice Tax Division attorney, the U.S. Deputy Assistant Attorney General for the Tax Division, and two Internal Revenue Service ("IRS") agents. *See id.* at 1. Presumably, these defendants were all involved in Plaintiff's lawsuit in the Western District of Texas alleging that the IRS violated Plaintiff's rights by assessing taxes against her. *See* Pl.'s Compl., Ex. 14 at 400, ECF No. 1-3 (affidavit Plaintiff purportedly filed in "cause no. 1:24-cv-00993-DII" in the Western District of Texas alleging her tax liability should be discharged and naming similar defendants); *Esquivel v. U.S. Dep't of the Treasury Internal Revenue Serv.*, No. A-24-CV-00993-ADA, 2025 WL 1547746 (W.D. Tex. May 29, 2025) (granting the Government's motion to dismiss), *appeal dismissed*, No. 25-50473, 2025 WL 3693498 (5th Cir. Sept. 23, 2025).

As best the Court can discern, Plaintiff's Complaint alleges that she tendered "GSA-Form Bonds" to the United States to discharge "outstanding commercial paper liability." ECF No. 1 at 5; *see also* Pl.'s Compl., Ex. 3 at 73, ECF No. 1-3 (attaching a purported $100,000,000 "self backed bond based on [Plaintiff's] future earnings" (capitalization removed)); Pl.'s Resp. to Mot. to Dismiss and Mot. to Strike Gov't's Mot. to Dismiss with Mem. of Law in Supp. at 9, ECF No. 12 (clarifying that Plaintiff allegedly presented GSA-Form Bonds "through Global Solutions Limited Company (UK)" to discharge "commercial paper liabilities . . . for penal sums codified at Title 27 CFR § 72.11 'commercial crimes' defined and/or those commercial crimes found in the Hobbs Act" (emphasis omitted)). The United States allegedly "failed to perform discharge" and thus breached its purported contract with Plaintiff. ECF No. 1 at 6. Plaintiff accordingly contends that the Court has Tucker Act jurisdiction to hear her breach of contract claim. *See id.* at 1–2. In addition to this contractual theory, Plaintiff alleges that the Court has jurisdiction because "there

exists an issue as to setoff in the relation between Plaintiff and a fiscal agent of the United States . . . pursuant to Title 28 USC § 1503 – setoffs." *Id.* at 2 (citation modified).

Plaintiff seeks an "[o]rder [requiring] defendant to pay over to plaintiff [the] amount stated in the Accounting Statement Claimed." *Id.* at 7; *see also* ECF No. 1-3 at 1 (claiming $35,306,627.93). Plaintiff also asks the Court to: (1) require that "the bonds tendered in accord with . . . [Plaintiff's] [c]ontract with the U.S. Treasury[] be honored, processed, and acknowledged;" (2) "discharge[]" the "commercial paper liability(ies);" (3) "[p]rovide plaintiff a full final accounting, a 1099, a '**zero balance due**' document if <u>d/b/a defendant</u> is a Clerk of Court in a Court (civil or criminal);" and (4) "[p]lace the '<u>d/b/a defendants</u>' on probation due to their inability or unwillingness or ignorance as to their failure to process, discharge, and release plaintiff from all commercial liability(ies) at issue." ECF No. 1 at 7 (emphases in original).

The Government moved to dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction and failure to state a claim on February 19, 2026. Gov't's Mot. to Dismiss, ECF No. 9. According to the Government, Plaintiff's claims against defendants other than the United States or any statutory, tort, and constitutional claims asserted should be dismissed for lack of subject-matter jurisdiction. *Id.* at 4–6. The Government also argues that Plaintiff's Complaint lacks factual allegations plausibly demonstrating a contractual relationship between Plaintiff and the United States, much less a breach of any such contract by the United States. *Id.* at 6–7. Thus, the Government contends that Plaintiff's Complaint fails to allege a breach of contract claim upon which relief can be granted. *Id.*

Plaintiff filed her response by leave of the Court on March 3, 2026. *See* ECF No. 12. In her response, Plaintiff disputes that the Court lacks subject-matter jurisdiction, emphasizing that the deposit of her birth certificate in the U.S. Treasury via a Treasury Direct Account established

a contractual relationship between Plaintiff and the United States. *See id.* at 2–5. Plaintiff's response further requests that the Court (1) "acknowledge that plaintiff is a secured party in relation to defendant," (2) "enforce the discharge for plaintiff's commercial paper liabilities," (3) "<u>strike defendant's Answer</u> in the Form of a Motion to Dismiss," and (4) "grant plaintiff's requested relief in the Complaint." *Id.* at 20 (emphasis in original).

On March 17, 2026, the Government filed a reply, reiterating its argument that Plaintiff "fails to identify in the complaint plausible allegations of a contract with the United States," and further contending that the constitutional, statutory, and regulatory sources of law cited by Plaintiff are not money-mandating.[1] Gov't's Reply in Supp. of Mot. to Dismiss Compl. at 1–3, ECF No. 13. The Government also claims that Plaintiff's Motion to Strike is improper, as such a motion may only be directed at a pleading. *Id.* at 4–5. Plaintiff did not file a reply in support of her Motion to Strike. The Government's Motion to Dismiss and Plaintiff's Motion to Strike are both ripe for the Court's review.

Also on March 17, 2026, the Court received from Plaintiff a deficient filing titled "Motion for Summary Judgment with Affidavit and Memorandum with Points and Authorities," which the Court granted leave to file on April 6, 2026. *See* ECF No. 15 at 1. In the filing, Plaintiff reiterates her claim that "any and all tax/commercial liability (if real) has been paid/discharged" and

---

[1] Although the Government initially challenged Plaintiff's breach of contract claim under RCFC 12(b)(6) for failure to state a claim, its reply correctly argues that a plaintiff must plausibly allege the existence of a contract with the United States to invoke the Court's jurisdiction. *See* Gov't's Reply in Supp. of Mot. to Dismiss Compl. at 2, ECF No. 13 (citing *Stephens v. United States*, 165 Fed. Cl. 341, 347 (2023); *Starrett v. United States*, No. 2022-1555, 2023 WL 152827, at *4 (Fed. Cir. Jan. 11, 2023)). Accordingly, the Court will address the Government's challenge under RCFC 12(b)(1). *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("[T]he first and fundamental question is that of jurisdiction . . . ." (quotation omitted)). The Court notes, however, that even assuming Plaintiff's allegations were sufficient to invoke jurisdiction, the Complaint fails to state a plausible breach of contract claim for all the same reasons.

emphasizes that "Defendant(s) have had more than 60 days to Answer the complaint." *Id.* at 1–2 (emphasis omitted).

## II.   LEGAL STANDARDS

### A.      Dismissal for Lack of Jurisdiction

The United States Court of Federal Claims is a court of limited jurisdiction. *Massie v. United States*, 226 F.3d 1318, 1321 (Fed. Cir. 2000). Before the Court can reach the merits of a plaintiff's claim, it must first assure itself of the existence of subject-matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). If the Court lacks subject-matter jurisdiction, it must dismiss the action. RCFC 12(h)(3); *see also* RCFC 12(b)(1). The Court's power to hear a case "may be challenged at any time by the parties or by the court." *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (citing *Fanning, Phillips & Molnar v. West*, 160 F.3d 717, 720 (Fed. Cir. 1998)). While the Court holds pro se plaintiffs to a less stringent standard than plaintiffs with attorney representation, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction by a preponderance of the evidence. *See Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

When deciding a RCFC 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, the court generally must accept facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995). Where the defendant mounts a factual challenge to the court's subject-matter jurisdiction, however, "only uncontroverted factual allegations are accepted as true for purposes of the motion." *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993). "All other facts

underlying the controverted jurisdictional allegations are in dispute and are subject to fact-finding . . . ." *Id.* at 1584.

### B.    Tucker Act Jurisdiction

The Tucker Act grants this Court jurisdiction to hear claims against the United States based on the Constitution, an Act of Congress, a regulation of the Executive Branch, or an express or implied-in-fact contract with the United States. 28 U.S.C. § 1491(a)(1).  The Tucker Act, however, is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages."  *United States v. Testan*, 424 U.S. 392, 398 (1976).  To establish jurisdiction, a plaintiff must identify a separate source of law that "can fairly be interpreted as mandating compensation by the Federal Government."  *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009) (quoting *Testan*, 424 U.S. at 400).  Thus, the Court's jurisdiction under the Tucker Act does not extend to "every claim invoking the Constitution, a federal statute, or a regulation."  *United States v. Mitchell*, 463 U.S. 206, 216 (1983).

Where a complaint raises a breach of contract claim, the plaintiff must plead "a non-frivolous allegation of a contract with the government" to invoke Tucker Act jurisdiction.[2] *Engage Learning, Inc. v. Salazar*, 660 F.3d 1346, 1353 (Fed. Cir. 2011) (emphasis omitted) (citing *Lewis v. United States*, 70 F.3d 597, 602, 604 (Fed. Cir. 1995)); *see also Trauma Serv. Grp. v. United States*, 104 F.3d 1321, 1325 (Fed. Cir. 1997) ("A well-pleaded allegation in the complaint is sufficient to overcome challenges to jurisdiction.").  "[V]ague, conclusory, or unsupported

---

[2] To establish a contract with the Federal Government, "four basic requirements must be met: (1) mutuality of intent to contract; (2) lack of ambiguity in offer and acceptance; (3) consideration; and (4) a government representative having actual authority to bind the United States in contract." *Anderson v. United States*, 344 F.3d 1343, 1353 (Fed. Cir. 2003); *see Kemper v. United States*, 138 Fed. Cl. 1, 18 (2018) ("A well pleaded allegation of an express, or implied-in-fact, contract necessarily includes allegations going to each of the requisite elements of a contract." (quoting *De Archibold v. United States*, 57 Fed. Cl. 29, 32 (2003))).

assertions" of a contract are insufficient to meet this burden. *Martin v. United States*, No. 2022-1810, 2023 WL 1878576, at *2 (Fed. Cir. Feb. 10, 2023); *see also Perry v. United States*, 149 Fed. Cl. 1, 17–19 (2020) (dismissing a breach of contract claim founded on frivolous allegations of a contract with the Government), *aff'd*, No. 2020-2084, 2021 WL 2935075 (Fed. Cir. July 13, 2021); *Czech v. United States*, No. 25-140, 2025 WL 3197897, at *4 (Fed. Cl. Nov. 13, 2025) (similar).

Moreover, a plaintiff "pleading a claim founded on a contract . . . must identify the substantive provisions of the contract . . . on which the party relies." RCFC 9(k). "If a plaintiff fails to comply with RCFC 9(k) and to allege sufficient facts to show that it had a contract with the United States, the court cannot exercise jurisdiction over the claim." *Huntington Promotional & Supply, LLC v. United States*, 114 Fed. Cl. 760, 766 (2014).

### C. Dismissal for Failure to State a Claim

Granting a motion to dismiss for failure to state a claim "is appropriate when the facts asserted by the claimant do not entitle [the claimant] to a legal remedy." *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002). To survive a RCFC 12(b)(6) motion to dismiss, a complaint must allege facts that, if proven, would provide "facial plausibility" to the plaintiff's claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A complaint is facially plausible when a court may reasonably infer the defendant's liability for the alleged misconduct. *See Twombly*, 550 U.S. at 556. While a court must "accept as true all of the factual allegations contained in the complaint," legal conclusions are not presumed to be true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Twombly*, 550 U.S. at 555–56); *Iqbal*, 556 U.S. at 678. The leniency with which courts view pro se plaintiffs' pleadings "cannot forgive a failure to state a claim that falls within the court's jurisdiction." *Wilson v. United States*, 404 F. App'x 499, 500 (Fed. Cir. 2010) (citing *Henke*, 60 F.3d at 799).

7

### III. DISCUSSION

The Court must grant the Government's Motion to Dismiss for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1). As a threshold matter, Plaintiff improperly names parties other than the United States, seeks non-monetary relief that the Court has no authority to grant, and attempts to indirectly challenge the Western District of Texas's dismissal of Plaintiff's tax refund claim based on her contract theory. Moreover, though the Court generally has jurisdiction to hear claims based on breach of contract, here, Plaintiff fails to present the non-frivolous allegations necessary to support the Court's jurisdiction over such claim. Finally, to the extent Plaintiff also invokes the Court's set-off jurisdiction, such jurisdiction only extends to counterclaims filed by the United States and thus cannot support Plaintiff's suit.

**A. To the Extent Plaintiff Attempts to Sue Parties Other Than the United States, Seeks Non-Monetary Relief, and Challenges Dismissal of Her Tax Refund Claim in District Court, Plaintiff's Claims Are Dismissed for Lack of Jurisdiction.**

As an initial matter, this Court lacks jurisdiction to hear claims against all parties other than the United States. *See* 28 U.S.C. § 1491(a)(1). Thus, to the extent Plaintiff is attempting to sue judges and the Clerk of Court of the Western District of Texas, Department of Justice attorneys or officials, and IRS agents as "d/b/a," *i.e.*, doing business as, defendants, ECF No. 1 at 1, the Court must dismiss such claims for lack of jurisdiction. *See United States v. Sherwood*, 312 U.S. 584, 588 (1941) (explaining that the jurisdiction of the Court of Federal Claims "is confined to the rendition of money judgments in suits brought for that relief against the United States, and if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court" (citation modified)).

The Court similarly lacks jurisdiction to grant Plaintiff's various requests for non-monetary relief. *See* ECF No. 1 at 7 (asking the Court to ensure the bonds Plaintiff tendered are "honored, processed, and acknowledged;" order a "full final accounting;" and place various defendants "on

8

probation"). In general, the Court of Federal Claims is solely empowered to order monetary relief against the Government. *See United States v. King*, 395 U.S. 1, 5 (1969) (holding that the Court of Federal Claims lacks authority to grant equitable relief absent "an express grant of jurisdiction from Congress"). Congress has only authorized the Court to grant "declaratory and injunctive relief in bid protest cases in connection with government contracting pursuant to 28 U.S.C. § 1491(b)(2)," *Stephenson v. United States*, 58 Fed. Cl. 186, 193 (2003), and certain forms of equitable relief in non-bid protest matters where the relief "is tied and subordinate to a money judgment," *James v. Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1998) (quoting *Austin v. United States*, 206 Ct. Cl. 719, 723 (1975)) (discussing 28 U.S.C. § 1491(a)(2)). Plaintiff does not assert a bid protest, nor are Plaintiff's requests for relief collateral to a money judgment.[3] Because the relief requested does not fall within the narrowly defined non-monetary relief that Congress empowered this Court to order, the Court cannot require that Plaintiff's tendered bonds "be honored, processed, and acknowledged," nor require a "full final accounting," nor place any individual named by Plaintiff "on probation." ECF No. 1 at 7.

To the extent that Plaintiff's Complaint seeks to challenge the Western District of Texas's decision dismissing Plaintiff's tax refund claim, the same conclusion applies. *See id.* (seeking "to have commercial paper liability(ies) discharged" and requesting that officials involved in Plaintiff's tax refund suit be placed "on probation"). The Court of Federal Claims "lacks jurisdiction 'to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts.'" *Harris v. United States*, 868 F.3d 1376, 1381 (Fed. Cir. 2017)

---

[3] Although Plaintiff appears to be seeking $35,306,627.93 relating to the tax refunds she sought in district court and other damages, *see* ECF No. 1-3 at 1, the Court still lacks subject-matter jurisdiction to award such relief because Plaintiff fails to plausibly allege that she had a contract with the United States or that the United States breached such a contract. *See infra* § III.B.

(quoting *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994)).  Accordingly, the Court lacks jurisdiction to grant relief related to Plaintiff's tax refund claim dismissed by a federal district court.

**B.      Plaintiff's Complaint Lacks a Non-Frivolous Allegation of a Contract with the United States.**

Plaintiff's Complaint lacks a non-frivolous allegation that she entered into a contract with the United States.  As a result, Plaintiff's breach of contract claim must be dismissed for lack of subject-matter jurisdiction.

The exhibits Plaintiff relies upon in the Complaint do not support a non-frivolous allegation that Plaintiff entered into a contract with the United States.  *See* ECF No. 1 at 2–3.  In Exhibit 1, Plaintiff presents what she asserts to be her contract with the U.S. Treasury.  Pl.'s Compl., Ex. 1 at 24–25, ECF No. 1-3.  The alleged contract appears to be a letter Plaintiff sent to various Treasury Department officials attempting to "accept the President's position as executive Trustee and publicly declare him to be the executive trustee" of "the several trusts created by the Constitution and by President Roosevelt."  *Id.* at 27–28.  The letter further indicates that the recipients have "thirty (30) days to rebut the foregoing averments, point by point . . . or the record will prove that this Notice and Claim is accepted by default, agreed to as fact, and creates a valid and binding contract by tacit procuration and acquiescence."  *Id.* at 34.  This document is insufficient to demonstrate the "objective manifestation of voluntary, mutual assent" required for the formation of a contract with the Federal Government.  *Anderson v. United States*, 344 F.3d 1343, 1353 (Fed. Cir. 2003); *see also Harbert/Lummus Agrifuels Projects v. United States*, 142 F.3d 1429, 1434 (Fed. Cir. 1998) ("Silence in and of itself is not sufficient to establish a demonstrated acceptance of the contract . . . ."); *HEALTHeSTATE, LLC v. United States*, 168 Fed. Cl. 624, 645 (2023) (noting that "silence, inaction, or non-responsiveness . . . are insufficient to show a mutual intent

to contract between Plaintiff and the Government"), *aff'd*, No. 2024-1336, 2026 WL 787163 (Fed. Cir. Mar. 20, 2026).  The court in *Anderson v. United States* recently held the same in a case involving a complaint substantially similar to Plaintiff's.  *See* No. 25-1544, 2025 WL 3720429, at *4 (Fed. Cl. Dec. 23, 2025) (finding that "[t]he plaintiff created his own trust and sent it to the Secretary of the Treasury" and the "exhibits [did] not reflect that any agent of the United States assented to any purported trust").  Like the plaintiff in *Anderson*, Plaintiff presents no allegation that the Government affirmatively assented to Plaintiff's purported trust or even knew of the trust's existence.  Thus, Plaintiff has not pled a non-frivolous allegation of a contractual relationship with the Federal Government.

Nor can Plaintiff state a non-frivolous allegation of a contract by relying on the evidence in Exhibit 2, which includes what Plaintiff alleges is a screenshot of a Treasury Direct Account and an affidavit purporting to establish that "bonds" were processed "against [Plaintiff's] newly opened [Treasury Direct Account]."  Pl.'s Compl., Ex. 2 at 43–48, ECF No. 1-3.  Generally, ministerial actions governed by law—like approving applications for a Treasury Direct Account— do not create a contract with the United States.  *See Chattler v. United States*, 632 F.3d 1324, 1332 (Fed. Cir. 2011); *Doe v. United States*, 100 F.3d 1576, 1584 (Fed. Cir. 1996); *Schneiter v. United States*, 159 Fed. Cl. 356, 370 (2022).  The court in *Anderson* squarely rejected this contract theory on the same basis.  *See* 2025 WL 3720429, at *5 ("The ministerial action of opening [a Treasury Direct Account] does not create a contract with the United States." (citing *Chattler*, 632 F.3d at 1332)).  This is because such ministerial actions fail to demonstrate the requisite express, formal manifestation of the Government's assent to contract.  *See Chattler*, 632 F.3d at 1332 (denying plaintiff's claim that the Government was bound by a provision included in a passport application). For similar reasons, applications for Treasury Direct Accounts governed by regulation under 31

11

C.F.R. § 363.13 (2025) are insufficient to show contract formation. *See D&N Bank v. United States*, 331 F.3d 1374, 1378–79 (Fed. Cir. 2003) (holding that "[a]n agency's performance of its regulatory or sovereign functions does not create contractual obligations" on the part of the Federal Government).

The evidence Plaintiff presents in her remaining exhibits indicate her adoption of the sovereign citizen belief that one's birth certificate can serve as the basis for a trust with the Government from which an individual can collect funds.[4] *See generally Potter v. United States*, 161 Fed. Cl. 24, 28–29 (2022) (discussing this theory in addition to the sovereign citizen movement more broadly). Plaintiff appears to believe that her birth certificate represents a certificate of deposit with the U.S. Government which Plaintiff can redeem in order to offset her tax liability. *See, e.g.*, ECF No. 1-3 at 35 (asserting that Plaintiff's birth certificate is a "**deposit receipt**" or "security interest" which "represents an antecedent claim" and is "evidence of a pre-existing contract" or "**prepaid account** [] available for set offs" (emphases in original)); *id.* at 402 ("By [Plaintiff] posting bond(s) to discharge the [commercial penal] form presentment(s) **the charges were discharged**." (emphases in original)); *see also Anderson*, 2025 WL 3720429, at *3 n.4 (summarizing a similar claim). There is no basis in law or fact for such a theory, and Plaintiff's attempt to invoke the Court's jurisdiction based on this argument is frivolous. *See Potter*, 161 Fed. Cl. at 29 (finding that the Court of Federal Claims lacks jurisdiction to hear "fictitious claims" that are "not based in law but in the fantasies of the sovereign citizen movement"); *Miles v. United States*, No. 24-1932, 2025 WL 28368, at *3 n.5 (Fed. Cl. Jan. 3, 2025) ("The Federal Circuit, this

---

[4] In her response, Plaintiff argues that the term "sovereign citizen" "ha[s] nothing to do with the case at bar." ECF No. 12 at 10–11. The Court disagrees. Even if Plaintiff does not intend to identify herself as a sovereign citizen, the similarity of her arguments to those of the sovereign citizen movement make it a relevant comparison.

Court, and other Judges of the Court of Federal Claims have uniformly found that the Court of Federal Claims lacks jurisdiction over claims based on the sovereign citizen theory as it is invalid and frivolous.").

Further, the "bonds" Plaintiff includes in Exhibits 5–13 fail to plausibly allege any government involvement and are not signed by anyone other than Plaintiff.  *See* Pl.'s Compl., Exs. 5–13 at 103–398, ECF No. 1-3.  Indeed, in each document titled "Release of Personal Property from Escrow," Plaintiff placed her own name in the blank meant for the identification of "a duly authorized representative of the United States government as a warranted contracting officer."  *Id.* at 135, 168, 200, 233, 266, 299, 332, 365, 398.  Plaintiff cannot plausibly allege that she is "a government representative having actual authority to bind the United States in contract," *Anderson*, 344 F.3d at 1353, and thus these bonds cannot serve as the basis for a contract between Plaintiff and the United States.  The same is true for the Uniform Commercial Code financing statement found in Exhibit 3, which appears to be unrelated to any contract with the United States and does not further Plaintiff's claim that she had a contract with the Federal Government.  *See* ECF No. 1-3 at 49–92.

As a result, the Court finds that Plaintiff's Complaint and exhibits do not plead a non-frivolous allegation that Plaintiff had a contract with the United States.  Without a non-frivolous allegation, the Court lacks jurisdiction to entertain Plaintiff's breach of contract claim.

**C.      Plaintiff Cannot Invoke the Court's Set-Off Jurisdiction Under 28 U.S.C. § 1503.**

Plaintiff also attempts to invoke this Court's jurisdiction by asserting that "there exists an issue as to setoff in the relation between Plaintiff and a fiscal agent of the United States . . . pursuant to Title 28 USC § 1503 – setoffs."  ECF No. 1 at 2 (citation modified).  Under § 1503, this Court has "jurisdiction to render judgment upon any set-off or demand *by the United States* against any plaintiff in such court."  28 U.S.C. § 1503 (emphasis added).  Thus, *Plaintiff*

cannot rely on § 1503 as a jurisdictional basis for her claim because the statutory provision exists to provide the Court with jurisdiction to hear a counterclaim *asserted by the United States*. *See Martin J. Simko Constr., Inc. v. United States*, 852 F.2d 540, 542 (Fed. Cir. 1988) ("The Claims Court has jurisdiction under 28 U.S.C. [§] 1503 . . . to consider counterclaims raised by the government." (citing *Cherry Cotton Mills, Inc. v. United States*, 327 U.S. 536, 539 (1946))). The Government has not counterclaimed against Plaintiff for set-off in this Court, thus rendering § 1503 irrelevant.

### D.    Transfer Is Not in the Interest of Justice.

Pursuant to 28 U.S.C. § 1631, the Court of Federal Claims must transfer civil claims beyond its jurisdiction to a court in which the action could have been brought if transfer is warranted "in the interest of justice." *Cooper v. United States*, 104 Fed. Cl. 306, 314 (2012) (quoting 28 U.S.C. § 1631). Transfer is not in the interest of justice when a litigant's prior similar complaints filed in district court have been dismissed. *See Mora v. United States*, 118 Fed. Cl. 713, 716–17 (2014). Here, Plaintiff made similar arguments to support the tax refund claim she filed in the Western District of Texas. *See* Pl.'s Compl., Exs. 4, 14–15, ECF No. 1-3 (exhibits Plaintiff also submitted in her district court case); *Esquivel v. United States*, No. 1:24-CV-00993-ADA, 2025 WL 1502565, at *1 (W.D. Tex. May 13, 2025) (describing Plaintiff's argument that her "constitutional rights were violated by the IRS assessment of taxes" and "demand [for] an 'accounting'"), *report and recommendation adopted*, 2025 WL 1547746, *appeal dismissed*, 2025 WL 3693498. Because her claim was dismissed for lack of subject-matter jurisdiction and as frivolous, *Esquivel*, 2025 WL 1502565, at *2–3, *report and recommendation adopted*, 2025 WL 1547746, *appeal dismissed*, 2025 WL 3693498, transfer under § 1631 is not appropriate.

**E.      Plaintiff's Motion to Strike Is Denied.**

The Court must deny Plaintiff's Motion to Strike the Government's Motion to Dismiss. The Government's Motion is not in any way "frivolous," ECF No. 12 at 2 (emphasis omitted), or improper.  RCFC 12 permits a party to assert specific defenses, including lack of subject-matter jurisdiction and failure to state claim, by written motion filed on or before the time for filing a responsive pleading.  RCFC 12(b).  The Government timely filed its Motion stating appropriate grounds for dismissal under RCFC 12(b)(1) and RCFC 12(b)(6).  Plaintiff's request to strike is therefore denied.

**F.      Plaintiff's Motion for Summary Judgment is Denied as Moot.**

Finally, the Court denies Plaintiff's Motion for Summary Judgment as moot.  ECF No. 15. A motion for summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  RCFC 56(a).  Having dismissed Plaintiff's Complaint for lack of subject-matter jurisdiction, the Court must deny as moot Plaintiff's Motion for Summary Judgment.

## IV.  CONCLUSION

For these reasons, the Government's Motion to Dismiss (ECF No. 9) is **GRANTED**, and Plaintiff's Complaint is dismissed for lack of subject-matter jurisdiction.  Additionally, Plaintiff's Motion to Strike (ECF No. 12) is **DENIED**, and Plaintiff's Motion for Summary Judgment (ECF No. 15) is **DENIED AS MOOT**.  The Clerk is directed to enter judgment accordingly.

**SO ORDERED**.


Dated: April 6, 2026                                   _/s/ Kathryn C. Davis_____
                                                       KATHRYN C. DAVIS
                                                       Judge

15